IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALMIRALL, LLC, ALMIRALL S.A. and ATNX SPV, LLC, | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. ___________ |
| | ) | **ANDA CASE** |
| TARO PHARMACEUTICALS, INC., | ) | |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Almirall, LLC, Almirall, S.A. and ATNX SPV, LLC, by and through their undersigned attorneys, file this Complaint against Defendant, Taro Pharmaceuticals, Inc. ("Taro"), and allege, upon knowledge with respect to their acts and upon information and belief as to other matters, as follows:

## Nature of the Action

1. This is an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code, arising from Taro's submission of an Abbreviated New Drug Application ("ANDA") to the United States Food and Drug Administration ("FDA"), by which Taro seeks approval to market a generic version of Almirall LLC's pharmaceutical product Klisyri® (the "Taro ANDA Product") prior to the expiration of United States Patent Nos. 7,300,931 (the "'931 patent"), 7,851,470 (the "'470 patent"), 10,323,001 (the "'001 patent"), 10,617,693 (the "'693 patent"), 10,669,236 (the "'236 patent"), and 11,497,750 (the "'750 patent") (together, the "patents-in-suit") which cover, *inter alia*, Klisyri® and/or its use.

## The Parties

2. Plaintiff Almirall, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania and has its principal place of business at 101 Lindenwood Drive, Suite 400, Malvern, PA 19355.

3. Plaintiff Almirall, S.A., is an entity organized and existing under the laws of the Kingdom of Spain and has its principal place of business at Ronda del General Mitre, 151 08022, Barcelona, Spain.

4. Plaintiffs Almirall, LLC and Almirall, S.A, (collectively, unless otherwise specified, "Almirall") are the exclusive licensees of the patents-in-suit.

5. Plaintiff ATNX SPV, LLC is a limited liability company organized and existing under the laws of the State of Delaware and has its principal place of business at 1001 Main Street, Suite 600, Buffalo, NY 14203.

6. On information and belief, Defendant Taro Pharmaceuticals, Inc., is a corporation organized and existing under the laws of Canada and has its principal place of business at 130 East Drive, Brampton, Ontario L6T 1C1, Canada.

## Jurisdiction and Venue

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has jurisdiction over Taro because, *inter alia*, Taro has committed an act of patent infringement under 35 U.S.C. § 271(e)(2) and, on information and belief, intends a future course of conduct that includes further acts of patent infringement in this judicial district.

9. On information and belief, Taro is in the business of, *inter alia*, developing, manufacturing, obtaining regulatory approval, marketing, selling, and distributing generic copies

of branded pharmaceutical products throughout the United States, including within this judicial district, through its own actions and through the actions of its agents and subsidiaries, from which Taro derives a substantial portion of its revenue.

10. On information and belief, Taro, through its own actions and through the actions of its agents and subsidiaries, has engaged in the research and development for, and the preparation and filing of, ANDA No. 220075, continues to engage in seeking FDA approval of this ANDA, intends to engage in the commercial manufacture, marketing, offer for sale, sale, and importation of Taro's ANDA Product throughout the United States, including within this judicial district, and stands accordingly to benefit from any approval of ANDA No. 220075.

11. On information and belief, Taro, through its own actions and through the actions of its agents and subsidiaries, prepared and submitted ANDA No. 220075, including, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), certain Paragraph IV Certifications in respect of the patents-in-suit.

12. On information and belief, following any FDA approval of its ANDA No. 220075, Taro intends that the Taro ANDA Product will be marketed, used, distributed, offered for sale, and sold in the United States, including within this judicial district.

13. Venue is proper as to Taro in this District under 28 U.S.C. §§ 1391(c)(3) and/or 1400(b), because venue in a patent infringement action against a foreign defendant is proper in any judicial district. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 267–68 n.2 (2017) (citing *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 711–14 (1972)).

## **The Patents-in-Suit**

14. On November 27, 2007, the United States Patent and Trademark Office issued the ’931 patent, entitled “Compositions for Treating Cell Proliferation Disorders,” a copy of which is attached to this Complaint as **Exhibit A**. ATNX SPV, LLC is the owner of all right, title, and interest in the ’931 patent.

15. On December 14, 2010, the United States Patent and Trademark Office issued the ’470 patent, entitled “Composition and Methods for Modulating a Kinase Cascade,” a copy of which is attached to this Complaint as **Exhibit B**. ATNX SPV, LLC is the owner of all right, title, and interest in the ’470 patent.

16. On June 18, 2019, the United States Patent and Trademark Office issued the ’001 patent, entitled “Compositions for Modulating a Kinase Cascade and Methods of Use Thereof,” a copy of which is attached to this Complaint as **Exhibit C**. ATNX SPV, LLC is the owner of all right, title, and interest in the ’001 patent.

17. On April 14, 2020, the United States Patent and Trademark Office issued the ’693 patent, entitled “Methods of Treating and/or Preventing Actinic Keratosis,” a copy of which is attached to this Complaint as **Exhibit D**. ATNX SPV, LLC is the owner of all right, title, and interest in the ’693 patent.

18. On June 2, 2020, the United States Patent and Trademark Office issued the ’236 patent, entitled “Solid Forms of 2-(5-(4-(2-Morpholino-ethoxy)Phenyl)Pyridin-2-yl)-N-Benzylacetamide,” a copy of which is attached to this Complaint as **Exhibit E**. ATNX SPV, LLC is the owner of all right, title, and interest in the ’236 patent.

19. On November 15, 2022, the United States Patent and Trademark office issued the ’750 patent, entitled “Methods of Treating and/or Preventing Actinic Keratosis,” a copy of which

is attached to this Complaint as **<u>Exhibit F</u>**. ATNX SPV, LLC is the owner of all right, title, and interest in the ’750 patent.

**<u>Klisyri®</u>**

20. Almirall, LLC holds approved New Drug Application No. 213189 (the “Klisyri® NDA”) for *tirbanibulin* topical ointment 1%, which Almirall, LLC sells under the trade name Klisyri®.

21. The claims of the patents-in-suit cover, *inter alia*, Klisyri® and/or its use.

22. Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulation, the ’931, ’470, ’001, ’693, ’236, and ’750 patents are listed in the FDA publication, “Approved Drug Products with Therapeutic Equivalence Evaluations” (the “Orange Book”), with respect to Klisyri®.

**<u>Taro’s ANDA</u>**

23. On information and belief, Taro submitted ANDA No. 220075 (“Taro’s ANDA”) to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market a generic version of *tirbanibulin* topical ointment 1%.

24. On information and belief, Taro’s ANDA refers to and relies on the Klisyri® NDA and contains data that, according to Taro, demonstrate the bioequivalence of Taro’s generic version of *tirbanibulin* topical ointment 1% and Klisyri®.

25. By letter to Almirall, LLC, dated February 14, 2025 (the “Notice Letter”), Taro stated that Taro’s ANDA contained a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the ’931, ’470, ’001, ’693, ’236, and ’750 patents are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of Taro’s generic version of *tirbanibulin* topical ointment 1% (the “Paragraph IV Certification”).

26. Taro attached a memorandum to the Notice Letter in which it purported to allege factual and legal bases for its Paragraph IV Certification.

27. Plaintiffs file this Civil Action within 45 days of Almirall's receipt of the Notice Letter.

**Count I: Infringement of U.S. Patent No. 7,300,931**

28. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1–27 of this Complaint.

29. Taro has infringed the '931 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Taro's ANDA, by which Taro seeks approval from the FDA to manufacture, use, offer to sell, and sell Taro's ANDA Product prior to the expiration of the '931 patent.

30. Claims 1–11 of the '931 patent are directed to compounds and compositions to treat cell proliferation disorders. Taro's manufacture, use, offer for sale, or sale of Taro's ANDA Product within the United States, or importation of Taro's ANDA Product into the United States, during the term of the '931 patent would infringe claims 1–11 of the '931 patent.

31. Plaintiffs will be harmed substantially and irreparably if Taro is not enjoined from infringing the '931 patent.

32. Plaintiffs have no adequate remedy at law.

33. Taro was aware of the '931 patent when it submitted its ANDA. Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorney's fees under 35 U.S.C. § 285.

**Count II: Infringement of U.S. Patent No. 7,851,470**

34. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1–27 of this Complaint.

35. Taro has infringed the ’470 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Taro’s ANDA, by which Taro seeks approval from the FDA to manufacture, use, offer to sell, and sell Taro’s ANDA Product prior to the expiration of the ’470 patent.

36. Claims 1–7 and 25 of the ’470 patent are directed to compositions and processes for the synthesis of substantially pure N-benzyl-2-(5-(4-(2-morpholinoethoxy)phenyl)pyridin-2-yl)acetamide (KX2-391), and salts thereof. Claims 8–24 are directed to methods of treatment using such compositions. Taro’s manufacture, use, offer for sale, or sale of Taro’s ANDA Product within the United States, or importation of Taro’s ANDA Product into the United States, during the term of the ’470 patent would infringe claims 1–25 of the ’470 patent.

37. Plaintiffs will be harmed substantially and irreparably if Taro is not enjoined from infringing the ’470 patent.

38. Plaintiffs have no adequate remedy at law.

39. Taro was aware of the ’470 patent when it submitted its ANDA. Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorney’s fees under 35 U.S.C. § 285.

**Count III: Infringement of U.S. Patent No. 10,323,001**

40. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1–27 of this Complaint.

41. Taro has infringed the ’001 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Taro’s ANDA, by which Taro seeks approval from the FDA to manufacture, use, offer to sell, and sell Taro’s ANDA Product prior to the expiration of the ’001 patent.

42. Claim 1 of the ’001 patent is directed to pharmaceutical compositions comprising 2-(5-(4-(2-morpholinoethoxy)phenyl)pyridin-2-yl)-N-benzylacetamide free base. Taro’s

manufacture, use, offer for sale, or sale of Taro's ANDA Product within the United States, or importation of Taro's ANDA Product into the United States, during the term of the '001 patent would infringe claim 1 of the '001 patent.

43. Plaintiffs will be harmed substantially and irreparably if Taro is not enjoined from infringing the '001 patent.

44. Plaintiffs have no adequate remedy at law.

45. Taro was aware of the '001 patent when it submitted its ANDA. Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorney's fees under 35 U.S.C. § 285.

**Count IV: Infringement of U.S. Patent No. 10,617,693**

46. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1–27 of this Complaint.

47. Taro has infringed the '693 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Taro's ANDA, by which Taro seeks approval from the FDA to manufacture, use, offer to sell, and sell Taro's ANDA Product prior to the expiration of the '693 patent.

48. Claims 1–25 of the '693 patent are directed to methods of treating and/or preventing actinic keratosis. Taro's manufacture, use, offer for sale, or sale of Taro's ANDA Product within the United States, or importation of Taro's ANDA Product into the United States, during the term of the '001 patent would infringe claims 1–25 of the '693 patent.

49. Plaintiffs will be harmed substantially and irreparably if Taro is not enjoined from infringing the '693 patent.

50. Plaintiffs have no adequate remedy at law.

51. Taro was aware of the ’693 patent when it submitted its ANDA. Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorney’s fees under 35 U.S.C. § 285.

**Count V: Infringement of U.S. Patent No. 10,669,236**

52. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1–27 of this Complaint.

53. Taro has infringed the ’236 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Taro’s ANDA, by which Taro seeks approval from the FDA to manufacture, use, offer to sell, and sell Taro’s ANDA Product prior to the expiration of the ’236 patent.

54. Claims 1–10 of the ’236 patent are directed to polymorphs of 2-(5-(4-(2-morpholinoethoxy)phenyl)pyridin-2-yl)-N-benzylacetamide, and methods of preparing and using same. Taro’s manufacture, use, offer for sale, or sale of Taro’s ANDA Product within the United States, or importation of Taro’s ANDA Product into the United States, during the term of the ’001 patent would infringe claims 1–10 of the ’236 patent.

55. Plaintiffs will be harmed substantially and irreparably if Taro is not enjoined from infringing the ’236 patent.

56. Plaintiffs have no adequate remedy at law.

57. Taro was aware of the ’236 patent when it submitted its ANDA. Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorney’s fees under 35 U.S.C. § 285.

**Count VI: Infringement of U.S. Patent No. 11,497,750**

58. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1–27 of this Complaint.

59. Taro has infringed the ’750 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Taro’s ANDA, by which Taro seeks approval from the FDA to manufacture, use, offer to sell, and sell Taro’s ANDA Product prior to the expiration of the ’750 patent.

60. Claims 1–23 of the ’750 patent are directed to a method of treating and/or preventing actinic keratosis. Taro’s manufacture, use, offer for sale, or sale of Taro’s ANDA Product within the United States, or importation of Taro’s ANDA Product into the United States, during the term of the ’001 patent would infringe claims 1–23 of the ’750 patent.

61. Plaintiffs will be harmed substantially and irreparably if Taro is not enjoined from infringing the ’750 patent.

62. Plaintiffs have no adequate remedy at law.

63. Taro was aware of the ’750 patent when it submitted its ANDA. Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorney’s fees under 35 U.S.C. § 285.

## Prayer for Relief

WHEREFORE, Plaintiffs pray for a judgment in their favor and against Taro and respectfully request the following relief:

A. A judgment that Taro has infringed the ’931 patent;

B. A judgment that Taro has infringed the ’470 patent;

C. A judgment that Taro has infringed the ’001 patent;

D. A judgment that Taro has infringed the ’693 patent;

E. A judgment that Taro has infringed the ’236 patent;

F. A judgment that Taro has infringed the ’750 patent;

G. A judgment ordering that, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Taro's ANDA, under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)), shall not be earlier that the expiration of the '931, '470, '001, '693, '236, and '750 patents, including any extensions, adjustments, and exclusivities;

H. A judgment, pursuant to 35 U.S.C. § 271(e)(4)(B), preliminarily and permanently enjoining Taro, its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, from manufacturing, using, offering to sell, or selling Taro's ANDA Product within the United States, or importing Taro's ANDA Product into the United States, prior to the expiration of the '931, '470, '001, '693, '236, and '750 patents, including any extensions, adjustments, and exclusivities;

I. If Taro commercially manufactures, uses, offers to sell, or sells Taro's ANDA Product within the United States, or imports Taro's ANDA Product into the United States, prior to the expiration of the '931, '470, '001, '693, '236, and '750 patents, including any extensions, adjustments, and exclusivities, a judgment awarding Plaintiffs monetary relief, together with interest;

J. An award of attorneys' fees in this action as an exceptional case pursuant to 35 U.S.C. § 285;

K. An award of costs and expenses in this action; and

L. Such other relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

Brian P. Egan (#6227)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
began@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiffs Almirall, LLC, Almirall, S.A., and ATNX SPV, LLC*

OF COUNSEL:

James S. Trainor
Retley G. Locke, Jr.
FENWICK & WEST LLP
902 Broadway, 18th Floor
New York, NY 10010-6035
(212) 430-2600

March 28, 2025